UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| SEVENSON ENVIRONMENTAL SERVICES, INC., | : | Hon. Joseph H. Rodriguez |
| Plaintiff, | : | Civil No. 16-5158-JHR-KMW |
| v. | : | OPINION |
| WATERSOLVE, LLC, | : | |
| Defendant/Third-Party Plaintiff, | : | |
| v. | : | |
| COWI N. AM. INC., COWI MARINE N. AM. and OCEAN & COASTAL CONSULTANTS, | : | |
| Third-Party Defendants. | : | |

This case comes before the Court upon the Motion to Dismiss filed by Third-Party Defendants, COWI North America Inc., COWI Marine North America, and Ocean and Coastal Consultants (collectively "COWI"). [Dkt. No. 116]. The Court has reviewed the submissions of the parties and considered the motion on the papers in accordance with Federal Rule of Civil Procedure 78. For the reasons set forth below, Third-Party Defendants' Motion [Dkt. No. 116] will be granted.

## Background

This case arises from a dredging project (the "Project") in the Borough of Stone Harbor, New Jersey ("Stone Harbor"). [Dkt. No. 1, ¶¶ 5-6.] Stone Harbor hired COWI to oversee the Project. [Dkt. No. 87-4, at 143:13-25.] All dredging work plans and dewatering plans for the Project were to be submitted to and approved by COWI. [Id. at 246:17-247:1.]

1

In September of 2015, Plaintiff, Sevenson Environmental Services, Inc. ("Sevenson"), submitted a bid for a contract with Stone Harbor to perform dredging services. [Dkt. No. 1, ¶¶ 7-13.] On October 8, 2015, Stone Harbor awarded the bid for the Project to Sevenson. [Id. ¶ 13.] Thereafter, Sevenson and WaterSolve entered into an Agreement (the "Agreement") in which WaterSolve would assist Sevenson with the Project. [Id. ¶ 14.]

Shortly after the Project began, there were issues with the dewatering system. [Id. ¶ 15.] As a result, Stone Harbor ordered the cessation of dredging on December 8, 2015, pursuant to an order issued by the New Jersey Department of Environmental Protection, Office of Dredging and Sediment Technology ("NJDEP"). [Id. ¶ 16.] Dredging later recommenced on February 16, 2016. [Id. ¶ 19.] Again, the dewatering system failed, and on March 23, 2016, the NJDEP suspended the permit despite Sevenson's attempt to remedy the issues. [Id. ¶¶ 19-21.] Sevenson then canceled its contract with WaterSolve and filed an action against WaterSolve on August 24, 2016. [Id. ¶ 22; Dkt. No. 1.]

After two years of motions practice, WaterSolve filed a Motion for Leave to File a Third-Party Complaint. [Dkt. No. 87.] The Proposed Third-Party Complaint asserted claims against COWI for contribution and indemnity. [Id.] WaterSolve argued that "COWI was involved with and/or possibly responsible for claims averred by Sevenson." [Id. at 8.] On August 9, 2019, despite being unopposed, the Motion was held deficient and subsequently denied. [Dkt. No. 93.] The Court held that "the Proposed Third-Party Complaint fail[ed] to state any genuine averments of fact and is notable for its failure to plead **any** non-conclusory factual allegations." [Id. at 5 (emphasis original).]

Additionally, the Court held that WaterSolve's Motion failed to address the factors utilized to determine whether a Rule 14 joinder is appropriate. [Id. at 5-6.]

On September 17, 2019, WaterSolve filed an amended Motion for Leave to File a Third-Party Complaint. [Dkt. No. 94.] Again, the Motion was unopposed. [Id.] On November 7, 2019, this amended motion was denied. [Dkt. No. 99.] The Court, focusing on a section of the Proposed Third-Party Complaint entitled "LIABILITY," held the amended Proposed Third-Party Complaint was "deficient as it claim[ed] COWI's actions and/or inactions proximately caused Sevenson's damages — all the while also claiming that WaterSolve's actions and/or inactions proximately caused Sevenson's damages." [Id. at 5.]

On November 8, 2019, WaterSolve filed a third unopposed amended Motion. [Dkt. No. 100.] Notably, this Proposed Third-Party Complaint only removed the above-mentioned "LIABILITY" section of the previous version of the Proposed Third-Party Complaint. [Compare Dkt. No. 100-5, Exh. K, with Dkt. No. 94-5, Exh. K.] On this third attempt, the Court granted Defendant's Motion Seeking Leave to File a Third-Party Complaint. [Dkt. No. 107.] COWI then moved to dismiss this third-party complaint. [Dkt. No. 116.] WaterSolve then filed a brief in opposition of dismissal on February 18, 2020. [Dkt. No. 118.] COWI filed a reply in support of dismissal on February 24, 2020. [Dkt. No. 119.]

## Standard of Review

Federal Rule of Civil Procedure 12(b)(6) provides that a court may dismiss a complaint "for failure to state a claim upon which relief can be granted." In order to survive a motion to dismiss, a complaint must allege facts that raise a right to relief above the speculative level. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)

3

("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.") (internal quotation omitted); see also FED. R. CIV. P. 8(a)(2). While a court must accept as true all allegations in a plaintiff's complaint, and view them in the light most favorable to the plaintiff, Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008), a court is not required to accept sweeping legal conclusions cast in the form of factual allegations, unwarranted inferences, or unsupported conclusions, Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). The complaint must state sufficient facts to show that the legal allegations are not simply possible, but plausible. Phillips, 515 F.3d at 234. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556).

Thus, a motion to dismiss should be granted unless the plaintiff's factual allegations are "enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 556 (internal citations omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'shown' – 'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

As the Court noted in its Order denying WaterSolve's first Motion to file a third-party complaint, a third-party claim may be asserted under Federal Rule of Civil Procedure 14(a) only when the third party's liability is in some way dependent on the outcome of the main claim or when the third-party is secondarily liable to the defendant. See [Dkt. No. 93, at 5;] see also FED. R. CIV. P. 14(a). If the claim is separate or independent from the main action, impleader will be denied. See [Dkt. No. 93, at 5;]

see also F.D.I.C. v. Bathgate, 27 F.3d 850, 873 (3d Cir. 1994). While a third-party claim does not need to be based on the same theory as the main claim, third-party claims must be brought under a theory of derivative liability such as indemnification or contribution. See Toberman v. Copas, 800 F. Supp. 1239, 1242 (M.D. Pa. 1992); see also [Dkt. No. 93, at 5.] "Courts have stringently followed the rule that a third-party complaint may not set forth a claim of the third-party defendant's liability to the plaintiff," and it is clear that a "theory that another party is the correct defendant is not appropriate for a third-party complaint." Slater v. Skyhawk Transportation, Inc., 187 F.R.D. 185, 203 (D.N.J. 1999) (quoting Toberman, 800 F. Supp. at 1242). "A third-party complaint that does not make a facial showing of secondary liability will not be entertained by the court." Ronson v. Talesnick, 33 F. Supp. 2d 347, 358 (D.N.J. 1999) (superseded on other grounds by statute).

## Discussion

Third-Party Plaintiff, WaterSolve, alleges it is entitled to relief from Third-Party Defendant, COWI, based on the theories of contribution and indemnification. [Dkt. No. 108, ¶ 22.] COWI, in its Motion to Dismiss, argues (1) there is no basis for contractual contribution or indemnification, (2) there is no basis for common law contribution, and (3) there is no basis for common law indemnification.[1] [Dkt. No. 116.] The Court will address each argument in turn.

### I.    Contractual Contribution

---

[1] Third-Party Defendants also assert an argument that the Economic Loss Doctrine is applicable. This doctrine is not addressed because the Court finds a sufficient basis for its ruling on other grounds.

WaterSolve asserts it has a contractual right of contribution from COWI. [Dkt. No. 108, ¶ 22.] WaterSolve alleges there was a contract between WaterSolve and Sevenson and between COWI and Stone Harbor but makes no allegation of a contract between COWI and WaterSolve. [Id. ¶¶ 4, 14.] WaterSolve does not dispute that there is a lack of contract between WaterSolve and COWI in its response. [See generally Dkt. No. 118.] If no contract is pleaded, there cannot be contractual contribution between COWI and WaterSolve. See Pennsylvania Greyhound Lines, Inc. v. Rosenthal, 102 A.2d 587, 593 (N.J. 1954) ("Contribution is an equitable principle of equality in the sharing of a common burden arising out of contract.").

## II. Common Law Contribution

Next, WaterSolve argues that it is entitled to common law contribution. New Jersey law provides for contribution among joint tortfeasors under the Joint Tortfeasors' Contribution Act ("JTCA").

> Where injury or damage is suffered by any person as a result of the wrongful act, neglect or default of *joint tortfeasors*, and the person so suffering injury or damage recovers *a* money judgment or judgments for such injury or damage against one or more of the joint tortfeasors, either in one action or in separate actions, and any one of the joint tortfeasors pays such judgment in whole or in part, he shall be entitled to recover contribution from the other joint tortfeasor or joint tortfeasors for the excess so paid over his pro rata share . . . .

N.J. STAT. ANN. § 2A:53A-3 (emphasis added).

"Joint tortfeasors" are defined as "two or more persons jointly or severally liable in tort for the same injury to person or property." Id. § 2A:53A-1. Common liability is the crux of contribution action. Tomkovich v. Pub. Serv. Coordinated Transp., 160 A.2d 507, 509 (N.J. Super. Ct. App. Div. 1960) (internal quotation marks omitted). "It is common liability at the time of the accrual of plaintiff's cause of action which is the *sine*

*qua non* of defendant's contribution right." Markey v. Skog, 322 A.2d 513, 518 (N.J. Super. Ct. Law Div. 1974). Joint, common, or concurrent negligence will not do. Cherry Hill Manor Assocs. v. Paul Faugno, Rogan & Faugno, Harleysville Ins. Co. of New Jersey, 861 A.2d 123, 128 (N.J. 2004). "Where the pleadings show separate torts, severable as to time and breaching different duties, rather than a joint tort, dismissal of the third-party action is appropriate." Finderne Mgmt. Co., Inc. v. Barrett, 809 A.2d 857, 864 (N.J. Super. Ct. App. Div. 2002).

In order to trigger the provisions of the JTCA, the act of the alleged joint tortfeasor must have also resulted in the "same injury." Cherry Hill, 861 A.2d at 129-30. "[T]he term 'same injury' in its definition of joint tortfeasor relate[s] to the harm the tort victim suffered and not to the cumulative damages the tort victim sustained as a result of multiple disparate injuries caused by multiple tortfeasors." Id. at 130.

Here, WaterSolve does not outline how it and COWI are joint tortfeasors other than through conclusory statements. [See, e.g., Dkt. No. 108, ¶¶ 20, 24 ("Third-Party Defendants were responsible for stoppage of work . . . . [WaterSolve] asserts that its negligence, if any, was passive, vicarious, and imputed whereas the negligence of Third-Party Defendants, [COWI], was active and primary.").] WaterSolve does allege facts indicating that COWI was involved in the development of the Project standards, but this development was contracted between COWI and Stone Harbor, not COWI and WaterSolve. [Dkt. No. 108, ¶¶ 14-19.] WaterSolve fails to go further and allege facts that, for example, indicate COWI failed to properly set sampling and testing standards, required Geotubes, or inappropriately set the depth for dredging. Thus, facially, there

7

are insufficient facts pleaded to show WaterSolve and COWI were joint tortfeasors, as defined by JTCA, to survive a motion to dismiss.[2]

### III. Common Law Indemnification

WaterSolve also asserts it is entitled to common law indemnification. [Dkt. No. 108, ¶ 25.] "Indemnification is available under New Jersey law in two situations: when a contract explicitly provides for indemnification or when a special legal relationship between the parties creates an implied right to indemnification." Allied, 730 F. Supp., at 639 (D.N.J. 1990). A party is only entitled to indemnification if they are without fault or their liability is purely constructive, secondary, or vicarious. Allied, 730 F. Supp. at 639; see also Ramos v. Browning Ferris Indus. of S. Jersey, Inc., 510 A.2d 1152, 1158 (1986) ("As a general rule, a third party may recover on a theory of implied indemnity from an employer only when a special legal relationship exists between the employer and the third party, and the liability of the third party is vicarious."). For a relationship to be a "special legal relationship," it must be "sufficient to impose certain duties and [upon] a subsequent breach of those duties . . . [said relationship] permits an implied indemnification." Ruvolo v. U.S. Steel Corp., 336 A.2d 508, 511 (N.J. Super. Ct. Ch. Div. 1975). "Examples of the special relationship that will support a third party's claim for indemnification include that of principal and agent, bailor and bailee, and lessor and lessee." Ramos, 510 A.2d at 1158 (internal citations omitted). Additionally, "implied indemnification by way of a special relationship is a 'narrow doctrine' that is not frequently stretched beyond the examples of principal-agent, employer-employee,

---

[2] COWI also argues the JCTA requires that for a claim of contribution, there must first be a judgment entered against the party seeking contribution. The Court finds the insufficient pleading of facts to identify the parties as "joint tortfeasors" is sufficient to grant the Motion to Dismiss, and reserves ruling on this additional argument.

8

lessor-lessee, and bailor-bailee." SGS U.S. Testing Co., Inc. v. Takata Corp., Civ. No. 09–6007, 2012 WL 3018262, at *5 (D.N.J. July 24, 2012).

WaterSolve fails to define the basis for an implied indemnity claim against COWI. WaterSolve alleges that "the negligence of [COWI] was active and primary." [Dkt. No. 108, ¶ 24.] As Magistrate Judge Williams stated in the first Order denying WaterSolve leave to file a third-party complaint, the complaint "fails to state any genuine averments of fact and is notable for its failure to plead any non-conclusory factual allegations." [Dkt. No. 99, at 5.] "Beyond a basic recitation of the parties' identities, every sentence is a legal conclusion." [Id. at 6.] The only substantial change since that Order was the removal of the "LIABILITY" section mentioned above. [Compare Dkt. No. 100, with Dkt. No. 108.] Thus, based on the facts pleaded, the Court cannot find there is a relationship between WaterSolve and COWI that would rise to the necessary degree to reveal a plausible implied indemnification theory.

## Conclusion

For the reasons stated above, the Motion to Dismiss filed by Third-Party Defendants, COWI North America Inc., COWI Marine North America, and Ocean and Coastal Consultants (collectively "COWI") [Dkt. No. 116] will be granted.


June 25, 2020                                   s/Joseph H. Rodriguez
Date                                            JOSEPH H. RODRIGUEZ
                                                United States District Judge